Virginia AMENT, et al., Plaintiffs,

v.

PNC NATIONAL BANK, a national bank, Defendant.

Suzanne CAPLAN, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

MELLON BANK (DE), N.A., Defendant.

Sara J. SZYDLIK and Donald R. Szydlik, for themselves and on behalf of all others similarly situated, Plaintiffs,

v.

FIRST OMNI BANK, N.A., Defendant.

Barbara S. THOMPSON, et al., Plaintiffs,

v.

MARYLAND BANK, a national bank, Defendant.

Kathleen A. DEFFNER, et al., Plaintiffs,

v.

CORESTATES BANK OF DELAWARE, N.A., a national bank, and Household Bank, a federal savings bank, Defendants.

David A. THOMPKINS, individually and on behalf of all others similarly situated, Plaintiff,

v.

AMERICAN GENERAL FINANCIAL CENTER, Defendant.

David A. TOMPKINS, et al., Plaintiffs,

v.

The CHASE MANHATTAN BANK, (USA), a Delaware chartered Bank, Defendant.

Donald R. SZYDLIK, individually and on behalf of all others similarly situated, Plaintiff,

v.

ASSOCIATES NATIONAL BANK, (DELAWARE), Defendant.

Barbara BARTLAM, individually and on behalf of all others similarly situated, Plaintiff,

v.

BANK OF AMERICA NT & SA, a national banking association, Defendant.

I. Orin SPELLMAN, on behalf of himself and all others similarly situated, Plaintiff,

v.

MERIDIAN BANK, (DELAWARE), and its successor in interest Mellon Bank (DE), Defendants.

Eric A. GOEHL, Plaintiff,

v.

MELLON BANK (DE), Defendant.

Civ. A. Nos. 92–244, 92–302, 92–330, 92–346, 92–349, 92–398, 92–375, 92–714, 92–1025, 92–1427, 93–868 and 93–878.

United States District Court, W.D. Pennsylvania.

April 8, 1994.

Michael A. Malakoff, Ellen M. Doyle, Malakoff, Doyle & Finberg, Pittsburgh, PA, for plaintiffs.

Samuel W. Braver, Susan M. Kircher, Buchanan Ingersoll, Pittsburgh, PA, Louise A. Rynd, Pennsylvania Bankers Assn., Harrisburg, PA, Robert L. Eberhardt, Asst. U.S. Atty., Pittsburgh, PA, Anne L. Weissman, Pamela A. Moreau, U.S. Dept. of Justice, Civ. Div., Washington, DC, Jack A. Auspitz, James A. Hulzinga, Peter C. Forbes, Morrison & Foerster, New York City, Troy Rivetti, Daniel I. Booker, Thomas L. Allen, Lucile H. Lynch, Reed, Smith, Shaw & McClay, Pittsburgh, PA, Kevin P. Lucas, Jeffrey G. Brooks, Manion, McDonough & Lucas, Robert J. Cindrich, Cindrich & Titus, Pittsburgh, PA, Alan S. Kaplinsky, Jeffrey S. Saltz, Burt M. Rublin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, PA, Richard R. Nelson, II, Cohen & Grigsby, Pittsburgh, PA, Brian J. Dougherty, Gregory M. Harvey, Karen A. Pieslak, Morgan, Lewis & Bockius, Philadelphia, PA, Nicholas E. Chimicles, Michael D. Donovan, Greenfield & Chemicles, Haverford, PA, Christopher R. Lipsett, Kenneth L. Chernof, Wilmer, Cutler & Pickering, Washington, DC, William M. Wycoff, Elilzabeth L. Rabenold, Thorp, Reed & Armstrong, Pittsburgh, PA, for defendants.

### OPINION

COHILL, District Judge.

These eleven consumer class actions were removed from the Court of Common Pleas for Allegheny County and are brought by various plaintiffs on behalf of all residents of Pennsylvania who are or have been holders of a VISA or Mastercard credit card issued by the defendant banks. The actions have not been certified as class actions. Presently before the Court are numerous motions filed on behalf of the defendants for judgment on the pleadings, to dismiss, and for summary judgment.

### I. Background

The basic facts are not in dispute. Plaintiffs are cardholders who seek refunds of all annual fees and penalty charges, including late charges, returned check charges, and over-credit limit charges, assessed or collected by defendants allegedly in direct violation of Pennsylvania law.

By order dated December 29, 1992, this Court held that there was "complete preemption" federal question jurisdiction over plaintiffs' state law claims and that the removal was proper. We then certified the removal order for interlocutory review under 28 U.S.C. § 1292(b), and the plaintiffs subsequently requested review at Civil Action 92–244. By Order dated March 26, 1993, the United States Court of Appeals for the Third Circuit denied the request for interlocutory review. We have consolidated these cases for pretrial purposes at *Ament v. PNC National Bank,* Civil Action No. 92–244.

Defendants issue credit cards to customers nationwide, pursuant to cardmember agreements, with annual percentage rates as high as 18.6%. Cardholders usually must pay an annual fee, and may incur late payment charges if a certain minimum payment is not paid on time. The accounts also have checking account features; there are charges for returned checks and over-credit limit charges. Such charges are set forth in the cardmember agreements.

Plaintiffs allege that by contracting to charge, charging and collecting annual fees, late payment charges, returned check charges and over-credit limit charges, defendants have violated the Pennsylvania Goods and Services Installment Sales Act (the "Sales Act"), 69 Pa.Cons.Stat.Ann. § 1101 *et seq.,* the Pennsylvania Banking Code of 1965, 7 Pa.Cons.Stat.Ann. § 101 *et seq.,* and the

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa.Cons.Stat. Ann. § 201–1 *et seq.* The Sales Act limits banks issuing credit cards to periodic interest at 18% per year. The other Pennsylvania statutes have similar restrictions.

Defendants contend that Section 85 of the National Bank Act, 12 U.S.C. § 85 (1990) and Section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), 12 U.S.C. § 1831d authorize the defendants' credit card fees and thereby preempt plaintiffs' state law claims. Defendants are PNC National Bank ("PNC"), Mellon Bank (DE) N.S. ("Mellon"), First Omni Bank, N.S. ("First Omni"), Maryland Bank, American General Financial Center ("American General"), CoreStates Bank of Delaware, N.A. ("Corestates"), Household Bank, The Chase Manhattan Bank (USA) ("Chase"), Associates National Bank (Delaware) ("Associates"), and Meridian Bank (Delaware).

## II. Discussion

Most of the movant defendants are incorporated in Delaware, and most are national banks subject to the National Bank Act, 12 U.S.C. § 85. Defendant Chase was a national bank and a state bank at different times during the relevant period, and therefore bases its argument for its preemption motion on both the National Bank Act and DIDA. Section 521 of DIDA mirrors section 85 of the National Bank Act, and governs FDIC-insured State banks. Despite the varied locations of the defendants, the issues presented are largely identical, with the exception that the three cases against the lenders located in California, namely Household Bank, Bank of America and Associates National Bank of Delaware (California) present additional issues which will be addressed separately. Separate briefs have been submitted by the various bank defendants but are nearly the same, and are best represented, per consent of the defendants, by the Supplemental Memorandum in support of Dispositive Motions Filed by CoreStates, First Omni, MBNA, Mellon, PNC and Chase (hereinafter "Mellon Brief").

Defendants argue that the usury provision of the National Bank Act authorizes national banks to charge any "interest at the rate allowed by the laws of the State ... where the bank is located," and to charge those home-state rates to its customers throughout the country. 12 U.S.C. § 85; *Marquette Nat'l Bank v. First of Omaha Serv. Corp.,* 439 U.S. 299, 99 S.Ct. 540, 58 L.Ed.2d 534 (1978). They argue that the courts and banking regulators have held that Section 85 exclusively limits lending charges by national banks, that the charges at issue are permissible in the states where the banks are located, and that therefore the defendants may contract to receive these charges from their customers in any other state. Mellon Brief at 3.

Plaintiffs concede that the defendants' charges are legal within their respective states. *See* Del.Code Ann. tit. 5, § 945. They argue that the pending dispositive motions are improper because: (1) we lack subject matter jurisdiction and should remand the cases to the Court of Common Pleas; (2) the late charges, returned check charges and over-limit charges which are the subject of this action are illegal under Pennsylvania law; (3) the National Bank Act and DIDA authorize non-Pennsylvania banks to export *only* "interest" charges to Pennsylvania; and (4) the penalty charges at issue and the annual fees are not "interest" within the meaning of the National Bank Act, and therefore, cannot be imposed on Pennsylvania residents. Pls.' Brief in Opp. to Defs.' Dispositive Motions ("Pls.' Brief") at 2.

■ We believe that the strong weight of the legal authority on this issue supports our holding that the defendants' motions should be granted. Plaintiffs almost concede this. "All parties agree that recent post–1992 case law supports Defendants' position." Pls.'s Brief at 7. Plaintiffs ask that we ignore recent developments and inspect the case law prior to 1992, and that, upon doing so, we will deny defendants' motions because at common law, penalty charges were not the same as "interest" because they were not *required* by the lender as compensation for the loan, and

that single sum late fees were not usurious because they were not "interest." Pls.' Brief at 7–9. Essentially, plaintiffs are arguing that because penalties have historically never been classified as interest, the National Bank Act and DIDA do not regulate such penalties, and Pennsylvania state law does.

Section 521 of DIDA, 12 U.S.C. § 1831d, was modelled on Section 85 of the National Bank Act, and therefore should be interpreted in a parallel fashion. *Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 831 (1st Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 974, 122 L.Ed.2d 129 (1993).

The National Bank Act section 85 limits lending charges by national banks. It states:

Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidence of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located.

12 U.S.C. § 85. The statute does not define the term "interest," and herein lies the problem.

The United States District Court for the District of Massachusetts adopted the position favored by the plaintiffs, holding that the defendant bank in that case was subject to Massachusetts law limiting late charges, and not by the rates from the charter state. *Greenwood Trust Co. v. Massachusetts*, 776 F.Supp. 21 (D.Mass.1991). However, this decision was reversed in *Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818 (1st Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 974, 122 L.Ed.2d 129 (U.S.1993).

In *Greenwood Trust*, the issue on appeal was whether a federally insured bank, chartered in Delaware, could charge its Massachusetts credit card customers a late fee in delinquent accounts, notwithstanding a Massachusetts statute which prohibited the charge. Mass.Gen.L. ch. 140 § 114B (1991). After an extensive review of the history of DIDA and its prototype, the National Bank Act, as well as an enlightened interpretation of the congressional intent regarding those statutes, the court held that the terms "inter-

est" and "interest rates" in DIDA preempting state regulation of interest and interest rates would include the late fees charged by the Delaware Bank for delinquent credit card accounts, and that DIDA preempts the Massachusetts statute prohibiting late fees. 971 F.2d at 827. The court emphasized that states' laws may not inhibit DIDA's and the National Bank Act's underlying principle of exportation, i.e. that a bank may use favorable interest laws of its home state in some transactions with out-of-state customers to its competitive advantage. *Id.* The court stated that courts tend to avoid "limiting the word 'interest' to numerical percentage rates. Specifically, federal case law has long suggested that, in ordinary usage, interest may encompass late fees and kindred charges." 971 F.2d at 825.

After a careful review of the case law on the issue, we conclude that the defendants are correct when they argue that "[c]ourts have routinely held that charges for establishing a lending account with a national bank, or for drawing money on the account, are "interest" covered by Section 85 even if the charges are not denominated as a percentage amount over time," *citing, inter alia, Northway Lanes v. Hackley Union Nat'l Bank & Trust Co.*, 464 F.2d 855 (6th Cir. 1972) (holding that loan closing costs, along with periodic charges of 7% on outstanding balance, are "interest" governed by Section 85, overruling a Michigan statute to the contrary); *Tikkanen v. Citibank (South Dakota) N.A.*, 801 F.Supp. 270 (D.Minn.1992) (credit card late charges are governed by Section 85). Even one Pennsylvania court agrees. *Mazaika v. Bank One, Columbus, N.S.*, No. 4058 (Ct. of Common Pleas Phila Cty. Dec. 17, 1992).

Our holding is consistent with the overriding congressional intent that the national banks should not be subject to more restrictive interest provisions than state banks. *Marquette*, 439 U.S. at 315, 99 S.Ct. at 549. The National Bank Act grants national banks the authority to lend and cannot yield to state restriction in this instance. We view this interpretation as a rational means to

ensure that national banks may compete with state lenders, see *Fisher v. First Nat'l Bank of Omaha*, 548 F.2d 255, 259 (8th Cir.1977), and to ensure that national banks may come to expect uniformity in lending regulations. *See Amicus Curiae* Brief of Pennsylvania Bankers Assoc. at 3.

■ Furthermore, we defer to the technical expertise of the Office of the Comptroller of the Currency ("OCC"), which under the National Bank Act, is the exclusive supervisory agency of national banks. 12 U.S.C. §§ 21 *et seq.* OCC interpretations of the National Bank Act merit substantial deference. *Clark v. Securities Indus. Ass'n*, 479 U.S. 388, 403–04, 107 S.Ct. 750, 759, 93 L.Ed.2d 757 (1987). The OCC has submitted an *amicus* brief which states unequivocally that "the OCC agrees with defendant [PNC] that the term 'interest' in 12 U.S.C. § 85 encompasses the credit card fees assessed by defendant (annual fees, overlimit fees, late fees, and returned check fees) and that defendant[s] may charge these fees, at the rates authorized by the laws of the defendant[s'] home state[s], to the defendant[s'] credit card customers in other states." Stmt. of Interest of the United States on Behalf of the Office of the Comptroller of the Currency, as *Amicus Curiae* at 1; *see also* Letter from Douglas H. Jones, Deputy General Counsel, Federal Deposit Insurance Corporation at 7. ("[s]ection 521, like Section 85, preempts both statutory and common law claims.) The OCC has also issued rulings to the effect that a national, non-Pennsylvania bank may charge its Pennsylvania customers annual fees, and other credit card charges, at its home state rates. *See* Mellon Brief Ex. D.

Moreover, contrary state laws have been held to be superseded by the Congressional intention to use the National Bank Act to expedite interstate lending by national banks. *Marquette*, 439 U.S. at 314–18, 99 S.Ct. at 548–50.

We are not the first federal district court to so rule. The plaintiffs in *Tikkanen* challenged credit card over-limit and late fees

imposed by Delaware-based national banks as a violation of Minnesota law; the case was removed from state court; a motion to remand was denied on "complete preemption" grounds, and a motion to dismiss was granted. 801 F.Supp. at 278.

■ As to the allegations regarding the California-based national banks, our holding remains the same. California law allows banks to collect service charges for processing "non-sufficient funds" checks, with certain irrelevant exceptions. Cal.Fin.Code § 15001 (West 1989). Therefore, under our holding *supra*, the National Bank Act allows defendants to collect such charges from Pennsylvania cardholders, and therefore Counts III through VI will be dismissed on that basis, at Civil Action 92–1427.

■ As to the remaining counts at Civil Action 92–1427, the Bank of America argues that plaintiff lacks standing because she has not paid a single returned check or late payment charge, and we will agree. Plaintiff admits that she was never asked to pay a returned check charge, and has not paid such a charge. Pl.'s Brief in Opp. to Def., Bank of America NT & SA's M. for Summ. J. at 7. Defendant also argues that California law allows banks to collect a service charge if the charge is not imposed as liquidated damages or penalty for breach of contract and also allows Bank of America to collect the return check charge at issue because such a returned check is not a breach of the credit card agreement. Cal.Civ.Code § 1671 (West 1993), which regulates liquidated damages for breach of contract, does not apply to bank charges which are not imposed "for the breach of the contract." *Perdue v. Crocker Nat'l Bank*, 38 Cal.3d 913, 930–32, 702 P.2d 503, 515–16, 216 Cal.Rptr. 345, 357–58 (1985). A returned check charge is not a breach of the credit card agreements between plaintiff and Bank of America. *See* Lau Affid., Exhibit to Bank of America's M. for Summ. J. We hold that California law allows the defendants to impose these fees on their customers. "Every credit union may assess charges for failure to meet punctually obligations to such credit union ... [which] may not exceed

3 percent of the payment due, or five dollars ($5), whichever is greater." Cal.Fin.Code § 15001. The same holds true for late payment charges on installment loans. Cal.Fin. Code §§ 14002, 14007, 14950(a), 15001.

 Defendant Household Bank, located in California, agrees with the arguments submitted in the Mellon Brief, *see* Brief in Supp. of M. by Household Bank for Judgment on the Pleadings at 8, but adds that as a federal savings bank, its charges are governed by a third federal statute, the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1463(g). This, like the National Banking Act and DIDA, states, "a savings association may charge interest ... at the rate allowed by the laws of the State in which such savings association is located ..." 12 U.S.C. § 1463(g). This statute, like DIDA, is interpreted so as to remain consistent with the National Bank Act. *Gavey Properties/762 v. First Fin. Sav. & Loan Ass'n*, 845 F.2d 519, 521 (5th Cir.1988). We therefore hold that at Civil Action 92–398, the California federal savings associations' power to export loan charges is the same as that of a national bank and permits the charges and fees at issue to be assessed against the plaintiffs in that action.

An appropriate order will issue.

### ORDER

AND NOW, to-wit, this 8th day of April, 1994, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Motion by PNC National Bank for Judgment on the Pleadings (Civil Action 92–244 Doc. 27) be and hereby is GRANTED;

2. Motion by Mellon Bank (DE), N.A. for Judgment on the Pleadings (Civil Action 92–302 Doc. 13) be and hereby is GRANTED;

3. Motion by First Omni Bank, N.A. for Judgment on the Pleadings (Civil Action 92–330 Doc. 10) be and hereby is GRANTED;

4. Motion by Maryland Bank for Judgment on the Pleadings (Civil Action 92–346 Doc. 12) be and hereby is GRANTED;

5. At Civil Action 92–398, Motion by Corestates Bank of Delaware, N.A. for Judgment on the Pleadings (Doc. 14) and Motion by Household Bank for Judgment on the Pleadings (Doc. 26) be and hereby are GRANTED; the Motion by Household Bank to Dismiss (Doc. 5) be and hereby is DENIED and Motion by Corestates Bank of Delaware, N.A. to Dismiss Counts Two, Three, Four and Six of plaintiff's complaint (Doc. 6) be and hereby are DENIED as moot;

6. Motion by the Chase Manhattan Bank (USA) to Dismiss Plaintiff's Amended Class Action Complaint (Civil Action 92–714 Doc. 16) be and hereby is GRANTED;

7. At Civil Action 92–1427, the Motion by Bank of America, NT & SA for Summary Judgment (Doc. 26) be and hereby is GRANTED; the Motion by Bank of America NT & SA for Oral Argument on its Motion for Summary Judgment (Doc. 32) be and hereby is DENIED; the Motion to Vacate February 15, 1994 Briefing Order (Doc. 35) be and hereby is DENIED as the requested discovery could not be relevant to the disposition of the motion at issue; Motion of Defendant to Strike Plaintiff's Affidavit (Doc. 40) be and hereby is GRANTED;

8. Motion by Meridian Bank, (Delaware) to Dismiss and Motion by Mellon Bank (DE), N.A. for Judgment on the Pleadings (Civil Action 93–868 Docs. 27 and 28) be and hereby are GRANTED;

9. Motion by Mellon Bank (DE) for Judgment on the Pleadings (Civil Action 93–878 Doc. 24) be and hereby is GRANTED.