Samuel J. STOORMAN, on behalf of himself and all others similarly situated, Petitioner,

v.

GREENWOOD TRUST COMPANY, Respondent.

No. 94SC382.

Supreme Court of Colorado, En Banc.

Dec. 18, 1995.

Bader & Villanueva, P.C., Gerald L. Bader, Jr., Jeffrey M. Villanueva, Renee B. Taylor, Denver, Chimicles, Jacobsen & Tikellis, Michael D. Donovan, Pamela P. Bond, Haverford, Pennsylvania, for Petitioner.

Ballard, Spahr, Andrews & Ingersoll, Alan S. Kaplinsky, Burt M. Rublin, Philadelphia, Pennsylvania, Roger P. Thomasch, Leslie A. Eaton, Denver, for Respondent.

Dean S. Neuwirth, Denver, for Amici Curiae VISA U.S.A., Inc. and MasterCard International, Inc.

Senn, Lewis, Visciano & Strahle, P.C., Frank W. Visciano, Mark A. Senn, Denver, for Amici Curiae Affinity Group Marketing, Inc. and AFBA Industrial Bank.

James K. Kreutz & Associates, P.C., James K. Kreutz, Denver, for Amici Curiae Consumer Action, Trial Lawyers for Public Justice, P.C., Bankcard Holders of America, Inc. and the States of Hawaii, Iowa, Maryland, Massachusetts, Pennsylvania, Vermont and Wisconsin.

Rothgerber, Appel, Powers & Johnson, Andrew P. McCallin, Denver, for Amici Curiae Independent Bankers Association of America and IBAA Bancard, Inc.

Hogan & Hartson, Craig A. Umbaugh, Denver, for Amici Curiae Colorado Bankers Association, American Bankers Association, American Financial Services Association, and Consumer Bankers Association.

McKenna & Cuneo, Daniel S. Hoffman, Kim E. Laakso, Denver, for Amici Curiae the States of Arizona, Delaware, Louisiana, Nevada, Ohio, South Dakota and Utah.

Federal Deposit Insurance Corporation, Linda L. Stamp, Washington, DC, for Amicus Curiae Federal Deposit Insurance Corporation.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Stoorman v. Greenwood Trust Co.*, 888 P.2d 289 (Colo.App. 1994). The court of appeals held that section 521 of the Depository Institutions Deregulation and Monetary Control Act (DIDA), 12 U.S.C. section 1831d(a) (1988), preempted section 5-3-203(5)(a) of the Colorado Uniform Consumer Credit Code (UCCC), section 5-3-203(5)(a), 2 C.R.S. (1992), thereby allowing a federally-insured, state-chartered bank located in Delaware to charge a ten dollar late payment fee in addition to a finance charge to the credit card accounts of its Colorado customers. We affirm the judgment of the court of appeals, but we base our decision on different grounds.

## I.

The respondent, Greenwood Trust Company (Greenwood), issues the Discover credit card and is a federally-insured, state-chartered bank located in Delaware. The petitioner, Samuel J. Stoorman (Stoorman), is a Colorado resident who became a Discover credit card member. When Stoorman failed to make a minimum monthly payment on his Discover credit card account, Greenwood assessed a ten dollar late payment fee to Stoorman's credit card account.

Stoorman initiated this class action, on behalf of himself and all others similarly situated, alleging that Greenwood violated section 5-3-203(5)(a) of the UCCC by charging a late payment fee in addition to a finance charge to his Discover credit card account. The district court granted Greenwood's motion for summary judgment, holding that section 521 of the DIDA preempts the Colorado consumer protection law. The court of appeals affirmed the dismissal, and we granted certiorari. We conclude that, as a matter of federal law, the ten dollar late payment fee imposed on Stoorman's Discover credit card account is a form of "interest" under section 521 of the DIDA. Because Greenwood is a federally-insured, state-chartered bank located in Delaware, and Delaware law permits the imposition of a late payment fee, Greenwood can charge Stoor-

man a late payment fee despite the fact that a Colorado consumer protection law prohibited such fees.

## II.

■ As a federally-insured, state-chartered bank, Greenwood is governed by the DIDA. 12 U.S.C. § 1831d(a). Congress enacted the DIDA in 1980 in response to economic conditions affecting the banking industry. *Hill v. Chemical Bank,* 799 F.Supp. 948, 951 (D.Minn.1992). In 1979, the Federal Reserve rate rose sharply as a result of the unprecedented crisis of simultaneous recession and inflation. The increase in the Federal Reserve rate caused national banks to gain a competitive advantage over state banks in states with lower interest rate ceilings. The DIDA was enacted to create parity between national and state banks. *Id.* Section 521 of the DIDA, 12 U.S.C. section 1831d(a), provides:

> In order to prevent discrimination against State-chartered insured banks ... with respect to interest rates, ... such State bank[s] ... may, notwithstanding any State constitution or statute which is hereby preempted for the purposes of this section, take, receive, reserve, and charge ... upon any note, bill of exchange, or other evidence of debt, interest ... at the rate allowed by the laws of the State ... where the bank is located.

12 U.S.C. § 1831d(a) (1988). Congress incorporated the language of section 85 of the National Bank Act (NBA), 12 U.S.C. section 85, which governs national banks, into section 521 of the DIDA. *Greenwood Trust Co. v. Massachusetts,* 971 F.2d 818, 825 (1st Cir. 1992), *cert. denied,* — U.S. —, 113 S.Ct. 974, 122 L.Ed.2d 129 (1993). Section 85 of the NBA provides:

> Any, association [national bank] may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidence of debt, interest at the rate allowed by the laws of the State ... where the bank is located.

12 U.S.C. § 85 (1982).

■ Neither the NBA nor the DIDA defines the term "interest" or "interest at the rate." Generally, similar language should be interpreted in the same manner, unless the context requires different interpretation. *Lorillard v. Pons,* 434 U.S. 575, 580–81, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). Moreover, Congress is presumed to be aware of judicial interpretations of statutory language when it intentionally incorporates the language of one statute into another statute. *Id.*

In *Copeland v. MBNA Am. Bank, N.A.,* 907 P.2d 87 (Colo.1995), we examined the definition of the term "interest" in section 85 of the NBA. In *Copeland,* we held that, as a matter of federal law, late payment fees are included as a form of "interest" under section 85 of the NBA, 12 U.S.C. section 85 (1982). Thus, federal law authorized a national bank located in Delaware to charge Colorado customers a fifteen dollar late payment fee as allowed under Delaware law.

■ In this case, we must define the term "interest" in section 521 of the DIDA. We are persuaded for several reasons that late payment fees are a form of "interest" under section 521 of the DIDA. First, because section 521 of the DIDA incorporates its language from section 85 of the NBA, the statutory language should be given the same interpretation. Moreover, the Federal Deposit Insurance Corporation (FDIC), the government agency charged with administering the DIDA, has interpreted the term "interest" in section 521 of the DIDA as including late payment fees charged by federally-insured, state-chartered banks. *See* 12 C.F.R. § 7.7310(a). Finally, the majority of decisions examining the definition of the term interest in section 521 of the DIDA have held that late payment fees are included as a form of interest. *See Greenwood,* 971 F.2d at 818; *Ament v. PNC Nat. Bank,* 849 F.Supp. 1015 (W.D.Pa.1994); *Hill,* 799 F.Supp. at 948. *Compare with Hunter v. Greenwood Trust Co.,* No. A–103–94, — N.J. —, — A.2d —— (Nov. 28, 1995); *Gadon v. The Chase Manhattan Bank,* 439 Pa.Super. 210, 653 A.2d 697 (1995).

Therefore, we conclude, that, as a matter of federal law, late payment fees are included as a form of "interest" under section 521 of

the DIDA. Because Greenwood is a federally-insured, state-chartered bank located in Delaware, and Delaware law permits the imposition of a late payment fee, Greenwood can charge Stoorman a ten dollar late payment fee despite the fact that a Colorado consumer protection law prohibited such fees.

Accordingly, we affirm the judgment of the court of appeals.

SCOTT, J., does not participate.